UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| POLY PLANT PROJECT, INC., a California corporation, | Case No. CV12-00997 FMO |
|---|---|
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| RMT INTERNATIONAL, INC., a Utah corporation; and DANIEL A. HUBER, an individual, | NOTE CHANGES MADE BY THE COURT |
| Defendants. | |

The parties, by their undersigned counsel, hereby stipulate as follows:

Plaintiff Poly Plant Project, Inc. and Defendants RMT International Corp. (sometimes referred to as RMT International, Inc.) and Daniel A. Huber (each a "party" and collectively "the parties"), by and through their attorneys of record, hereby stipulate that this Court may enter the ~~attached~~ Stipulated Protective Order ("Protective Order") to safeguard confidential and attorneys' eyes only information produced or disclosed in this litigation.

The Protective Order is necessary because this case is between competitors in the highly competitive poly-silicon industry and involves the parties' confidential and proprietary information. The parties are actively engaged in business pursuits in a highly competitive world-wide industry and public disclosure of the parties' confidential and proprietary information would likely result in other competitors acquiring that information. The parties may make requests for information that would call for confidential, proprietary and/or trade secret information, and this information could lose its value and seriously harm the business pursuits of the parties if disclosed to the public or others who can make use of the information or improperly used outside of this litigation. It is also likely that the parties'

1  confidential, proprietary and/or trade secret information will be submitted to the
2  Court to assist in ruling on various motions. This information could lose its value
3  and legally protected status if publicly disclosed and could place the parties at a
4  competitive disadvantage in the marketplace.

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED that the Court should enter the following Order in this matter and that the parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information that the disclosing party designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this Protective Order and to other parties (whether other parties to this action or third parties) who give testimony or produce documents or other information.

2. The following information may be designated as CONFIDENTIAL: tax returns, financial statements, balance sheets, ledgers, bank account statements, and other bank records; client lists, confidential communications with current and prospective clients, confidential communications with business partners and affiliates of a party, and other documents or information disclosing client or prospective client identities; blueprints, drawings, computer aided designs, and other engineering documents related to a party's plans, goods or services; proprietary and confidential contracts and communications relating to those contracts; correspondence between the parties relating to any of the above; and "trade secrets" as defined in Cal. Civ. Code § 3426.1(d).

  3.    The following information may be designated as ATTORNEYS' EYES ONLY: information that falls within the scope of Paragraph 2 and that the disclosing party reasonably believes to comprise particularly sensitive confidential material, the disclosure of which to other parties to this litigation would cause competitive harm to the disclosing party.

  4.    Disclosing parties shall designate CONFIDENTIAL or ATTORNEYS' EYES ONLY information as follows:

   a.    In the case of discovery responses and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of its production, that party shall have ten (10) business days after such production to so stamp or otherwise designate the document or other information.

   b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose CONFIDENTIAL or ATTORNEYS' EYES ONLY information the deponent has had access. If a party wishes to designate portions of a deposition transcript under this Protective Order after a deposition, that party's counsel shall make such designation within ten (10) business days after counsel's receipt of the final transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, insert the list at the end of the transcript, and mail copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. For ten (10) business days after receipt by counsel of the

1  final transcript, the entire deposition transcript shall be deemed ATTORNEYS'
2  EYES ONLY, except exhibits shall maintain their existing designations. If no
3  designation is made during the deposition or within ten (10) business days after
4  receipt of the transcript, the transcript shall be considered not to contain any
5  CONFIDENTIAL or ATTORNEYS' EYES ONLY information.
6          c.      Transcripts of depositions will not be filed with the Court unless
7  it is necessary to do so for purposes of hearings, trial, motions for summary
8  judgment, or other matters. If a deposition transcript is filed and if it contains
9  CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the transcript shall
10 bear the appropriate legend on the caption page and shall be filed under seal along
11 with a written application and proposed order pursuant to Local Rule 79-5.
12         d.      Any CONFIDENTIAL or ATTORNEYS' EYES ONLY
13 information produced in a non-paper media (e.g., videotape, audiotape, computer
14 disk, digital file, etc.) may be designated as such by labeling the outside of such
15 non-paper media as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the
16 event such non-paper media is transmitted via email the producing party may
17 designate the information produced as CONFIDENTIAL or ATTORNEYS' EYES
18 ONLY by conspicuously identifying such media in the email. In the event a
19 receiving party generates any "hard copy," transcription, or printout from any such
20 designated non-paper media, such party must stamp each page CONFIDENTIAL or
21 ATTORNEYS' EYES ONLY, as appropriate, and the hard copy, transcription or
22 printout shall be treated as it is designated.
23         5.      If any information designated CONFIDENTIAL or ATTORNEYS'
24 EYES ONLY is filed or submitted to the Court, then in accordance with Local Rule
25 79-5.1, the proposed filing shall be accompanied by an application to file the papers
26 or the portion thereof containing the protected information (if such portion is
27 segregable) under seal. The application shall be directed to the judge to whom the
28 papers are directed. For motions, the parties shall also file a redacted version of the

1  motion and supporting papers. All documents to be filed under seal shall be
2  produced in sealed envelopes or containers indicating the following:
3      a.    the case caption;
4      b.    the nature of the contents therein; and
5      c.    the words "CONFIDENTIAL [or ATTORNEYS' EYES
6  ONLY] – NOT TO BE OPENED EXCEPT BY THE COURT, OR BY ORDER OF
7  THE COURT."
8      6.    All CONFIDENTIAL and ATTORNEYS' EYES ONLY information
9  shall be used solely for the purposes of this litigation, including discovery, motions,
10 trial and hearing preparation, and during trial or hearings and not for any other
11 purpose.
12     7.    Disclosure of all CONFIDENTIAL information shall be limited to:
13     a.    The outside attorneys of record working on this action on behalf
14 of any party, and any paralegal assistants, stenographic and clerical employees
15 working under the direct supervision of such counsel of record;
16     b.    Officers of the Court and supporting personnel, including
17 necessary stenographic and clerical personnel (e.g. court reporters);
18     c.    Other qualified reporters taking and videographers recording
19 testimony involving such information and necessary stenographic and clerical
20 personnel thereof;
21     d.    Any person who is an author or recipient of that
22 CONFIDENTIAL material. Any person of whom testimony is taken regarding the
23 CONFIDENTIAL information, except that such person may only be shown copies
24 of CONFIDENTIAL information during his/her testimony, and may not retain a
25 copy of such CONFIDENTIAL information;
26     e.    Any person who is expressly retained or sought to be retained by
27 any outside attorney described in paragraph 7(a) to assist in preparation of this
28 action for trial, who is not employed by, affiliated with (whether as a consultant or

1  otherwise), controlled by, agents of, or materially interested in any party or any
2  competitor of any party, with disclosure only to the extent necessary to perform
3  such work;
4       f.   The parties and their employees who are required to work
5  directly on this litigation, with disclosures only to the extent necessary to perform
6  such work.
7       8.   ATTORNEYS' EYES ONLY information shall not be disclosed,
8  except by the prior written consent of the disclosing party or third party, or pursuant
9  to an order of this Court, to any person other than the following:
10      a.   The outside attorneys of record working on this action on behalf
11 of any party, and any paralegal assistants, stenographic and clerical employees of
12 counsel of record working under the direct supervision of such counsel;
13      b.   Officers of the Court and supporting personnel, including
14 necessary stenographic and clerical personnel (e.g. court reporters);
15      c.   Other qualified reporters taking and videographers recording
16 testimony involving such information and necessary stenographic and clerical
17 personnel thereof;
18      d.   Any person who is an author or recipient of that ATTORNEYS'
19 EYES ONLY material. Any employee of the party producing such materials may
20 be shown copies of such material during his or her testimony, but may not retain a
21 copy of such information following the deposition;
22      e.   Any person who is expressly retained or sought to be retained by
23 any outside attorney described in paragraph 8(a) to assist in preparation of this
24 action for trial, who is not employed by, affiliated with (whether as a consultant or
25 otherwise), controlled by, agents of, or materially interested in any party or any
26 competitor of any party, with disclosure only to the extent necessary to perform
27 such work.
28

1      9.     Nothing herein shall restrict the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the disclosing party by the disclosing party.

    10.     Prior to disclosure of any CONFIDENTIAL information to any persons in paragraphs 7(d), 7(e), 7(f), and prior to disclosure of any ATTORNEYS' EYES ONLY information to any persons in paragraphs 8(d) and 8(e), the procedure set forth in paragraph 11 shall be followed.

    11.     Prior to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information to persons in paragraphs 7(d), 7(e), 7(f), 8(d) or 8(e), the outside counsel of record in this litigation for the party making the disclosure shall advise each person that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY, can only be discussed with persons authorized by this Protective Order to view the material and can only be used for purposes of this litigation. Each person appropriately designated pursuant to paragraphs 7(d), 7(e), 7(f), 8(d) or 8(e) to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY information from the other party shall execute a "Written Assurance" in the form attached as Appendix A. Opposing counsel shall be noticed at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such note shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

    12.     Any motions relating to the Protective Order, including but not limited to motions related to the designation of documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY, must comply with Local Rule 37. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS'

1  EYES ONLY designation at the time made, and failure to do so shall not preclude a
2  subsequent challenge thereto. In the event that any party to this litigation disagrees
3  at any stage of these proceedings with such designation, the party seeking to
4  maintain a document as confidential shall bear the burden of showing that specific
5  prejudice or harm will result if no protective designation is granted.
6       13.  Failure of counsel to designate or mark any document, thing, or
7  testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY information as
8  provided above shall not preclude the disclosing party from thereafter in good faith
9  making such designation and requesting the receiving party to so mark and treat
10 such documents and things so designated even after the expiration of the "ten (10)
11 business days" designation period described in paragraph 4(a). The receiving party,
12 however, shall make reasonable efforts to assure that the materials are treated in
13 accordance with the provisions of this Order, but shall not incur liability for
14 disclosures made prior to notice of such designations.
15      14.  If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is
16 disclosed to any person other than in the manner authorized by this Protective
17 Order, the person responsible for the disclosure shall immediately bring all
18 pertinent facts relating to such disclosure to the attention of counsel of record for all
19 parties, without prejudice to other rights and remedies of any party, and shall make
20 every effort to prevent further disclosure by it or by the person who was the
21 recipient of such information.
22      15.  ~~In the event that any CONFIDENTIAL or ATTORNEYS' EYES~~
23 ~~ONLY information is used in any court proceeding in connection with this~~
24 ~~litigation, it shall not lose its CONFIDENTIAL or ATTORNEYS' EYES ONLY~~
25 ~~status through such use, and the parties shall take all steps reasonably required to~~
26 ~~protect its confidentiality during such use. Notwithstanding the above,~~ Should the
27 case proceed to trial, all of the information used at trial that was designated as
28 CONFIDENTIAL or ATTORNEYS' EYES ONLY or that was otherwise kept or

1 maintained pursuant to the terms of the Protective Order will be presumptively
2 available to all members of the public, including the press, unless good cause is
3 shown to the trial judge in advance of the trial to proceed otherwise.

4     16.    The disclosure, through inadvertence, mistake, accident, or other error,
5 by one party to another of the substance of any document or communication
6 entitled to protection under the attorney-client privilege and/or the attorney work-
7 product doctrine shall not constitute a waiver of such protection as to the subject
8 matter of that, or related, documents or communications. If during the discovery
9 process in this case either party mistakenly produces a document entitled to
10 protection under the attorney-client privilege or the attorney work-product doctrine,
11 the producing party may, at any time prior to the commencement of trial, but in any
12 event not more than fifteen (15) calendar days after the disclosure is first identified
13 as containing potentially privileged or work product information, request the return
14 or destruction of the document and all copies thereof. Such a request must be made
15 in writing and must identify the basis for the privilege or work product claimed.

16     17.    Regarding documents, if the party that received the document agrees
17 that it is privileged or work product (without regard to its production), then the
18 document and all copies shall promptly be returned to the producing party or
19 destroyed, and no reference to such document shall be made in connection with the
20 proof of the facts in this dispute. If the party that received the document does not
21 agree that the document was privileged, then it shall so notify the producing party
22 within ten (10) calendar days of receiving written notice of the asserted privilege or
23 work product protection. In such event, the producing party may move the Court to
24 resolve the question by following the procedures set forth in Local Rules 37-1 and
25 37-2. If the Court rules that the document is protected (without regard to the fact of
26 production), then the party that received the document shall promptly return the
27 document and all known copies to the producing party (except that counsel of
28 record may retain copies as needed for the sole purpose of seeking reconsideration

1  or appellate review of the Court's ruling on the question of privilege) and shall
2  make no reference to the document in connection with the proof of the facts in this
3  case.
4      18.   Within 60 days after the final termination of this litigation, counsel for
5  each party shall return to the originating source, or certify in writing the destruction
6  of, all CONFIDENTIAL and ATTORNEYS' EYES ONLY information and all
7  copies thereof and work product created therefrom; provided, however, counsel of
8  record for each party may retain one copy of each document.
9      19.   Nothing herein shall prevent any party from moving the court for
10 modification of this Protective Order for good cause.
11     20.   Except as specifically provided herein, the terms, conditions, and
12 limitations of this Protective Order shall survive the termination of this action. All
13 provisions of this Protective Order shall continue to be binding after the conclusion
14 of this action, unless subsequently modified by agreement between the parties or
15 order of the Court, and the Court shall retain jurisdiction of this matter for the
16 purpose of enforcing this Protective Order. Notwithstanding the above, this
17 Protective Order will not extend beyond the commencement of trial as to
18 documents, information or things publically disclosed at trial.
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

21. Nothing herein shall be deemed to constitute a waiver of any objection a producing party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from the Court.

DATED: November 21, 2012.

| STOEL RIVES LLP | BULLIVANT HOUSER BAILEY PC |
|---|---|
| /s/ Stephen H. Galloway<br>Melissa A. Jones, SB #205576<br>500 Capitol Mall, Suite 1600<br>Sacramento, CA 95814<br>Tel.: (916) 447-0700<br>Fax: (916) 447-4781 | /s/ Michael M. Ratoza<br>C. Todd Norris, SB #181337<br>601 California Street, Suite 1800<br>San Francisco, CA 94108<br>Tel.: (415) 352-2700<br>Fax: (415) 352-2701 |
| Steven T. Lovett, Pro Hac Vice<br>Stephen H. Galloway, Pro Hac Vice<br>900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204<br>Tel.: (503) 224-3380<br>Fax: (503) 220-2480 | Michael M. Ratoza, Pro Hac Vice<br>300 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, OR 97204<br>Tel.: (503) 499-4695<br>Fax: (503) 295-0915 |
| Attorneys for Plaintiff<br>Poly Plant Project, Inc. | Attorneys for Defendants |

IT IS SO ORDERED.

DATED: 12/4/12

F__h M. Ol____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares under oath that:

I reside at _____ in the City of _____, County of _____,

State of _____. My telephone number is _____.

I am currently employed by _____, located

at _____, and my

current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Court File No. 12-cv-00997-FMO, pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated CONFIDENTIAL or ATTORNEYS' EYES ONLY obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential—Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

_____ (initial of person executing)

1  I submit myself to the jurisdiction of the United States District Court for the Central
2  District of California for the purpose of enforcing or otherwise providing relief relating to the
3  Protective Order.
4
5
6  Executed on _____     _____
                    (Date)                          (Signature)
7

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **STIPULATION RE PROTECTIVE ORDER** on the following named person(s) on the date indicated below by

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ email

☒ notice of electronic filing using the Cm/ECF system

| | |
|---|---|
| Christopher Todd Norris<br>Bullivant Houser Bailey PC<br>601 California Street, Suite 1800<br>San Francisco, CA 94108<br>(415) 352-2701<br>todd.norris@bullivant.com | Michael M. Ratoza<br>Bullivant Houser Bailey PC<br>888 SW Fifth Avenue, Suite 300<br>Portland, OR 97204<br>(503) 228-6351<br>Michael.ratoza@bullivant.com |

DATED: November 21, 2012.   STOEL RIVES LLP

/s/ Stephen H. Galloway
STEPHEN H. GALLOWAY (PRO HAC VICE)
shgalloway@stoel.com
Telephone: (503)-224-3380

Attorneys for Plaintiff

Page 1  -  CERTIFICATE OF SERVICE

71330689.1 0046296-00001